## WESTERN UNION TELEGRAPH COMPANY v. J. T. JEANES.

### No. 297.

**1. Case in Judgment—Charge of Court.**

Suit for damages for negligent delay in delivery of a telegraphic message to plaintiff informing him of the serious illness of his father, in Tennessee. The plaintiff took the next train after receiving the message, but did not reach his destination until the day after his father was buried. Had the dispatch been promptly delivered, plaintiff could have started twenty-four hours earlier. There was testimony, that the burial probably would have been delayed if plaintiff had notified the parties in charge of the burial of his coming. The defendant asked an instruction, that "if you believe from the evidence that the plaintiff failed to reply to the message in question, announcing that he was on his way to his father's, and that if he had sent an answering message the same would have reached its destination in due time, and that his father's funeral would have been postponed until his arrival, and you believe that a reasonably prudent man similarly situated would have sent such message, then you will find for defendant." *Held,* that the refusal of this instruction was reversible error............ 232

**2. Care to Prevent Threatened Injury.**

One who is threatened with damage by reason of the negligent conduct of another should exercise reasonable prudence to avert the consequences of such neglect. He is bound to use ordinary care to render the injury as light as possible, provided it can be done at reasonable expense.................. 232

**3. Notice on Face of Dispatch.**

A telegraphic dispatch addressed to the plaintiff, informing him that his father was ill, of itself and on its face shows that it was sent for the benefit of the plaintiff .................................................... 233

ERROR to Court of Civil Appeals for Second District, in an appeal from Montague County.

This was an action brought by the appellee against the appellant, in the District Court of Montague County, for damages for mental distress occasioned by delay in the delivery of a telegram, filed with the appellant at Falcon, Tenn., on March 11, 1892, by J. N. Jeanes, a brother of appellee, addressed to appellee, at Belcher, Texas, reading: "Father

is very low with catarrhal pneumonia.   Don't think he will live long.
[Signed] Nute.''   The appellant's answer contained a general denial,
and a plea of contributory negligence.   On the issues thus made the
case came to trial on July 14, 1893, before a jury, and resulted in a ver-
dict for $500.

The judgment of the District Court was affirmed by the Court of
Civil Appeals.   Writ of error was granted on application of the tel-
egraph company.

*W. W. Wilkins,* for plaintiff in error.—1.   There were neither allega-
tions nor proof that the message in question was sent for the benefit of
the plaintiff.

2.   The refusal of the court to give, as was requested, the following in-
struction, was error:   '' If the plaintiff failed to send a telegram to the
proper person at Falcon, Tenn., after he received the message in ques-
tion in this cause, advising said person that he was on his way to his
father's, and if said telegram would have reached said person in due
time, and before the burial of plaintiff's father, and if the receipt of
said telegram would have caused the postponement of the burial of
plaintiff's father until his arrival, and if the failure to send said tele-
gram was such negligence as was defined in the court's charge to the
jury, the verdict should be for the defendant;'' because the charge of
the court upon contributory negligence was too general, and because
said special instructions directed the attention of the jury specifically
to the issue made by the proof.

*A. W. Cunningham* and *C. C. Potter,* for defendant in error, cited
Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Beringer, 84 Texas, 38;
Martin v. Tel. Co., 20 S. W. Rep., 860; Tel. Co. v. Linn, 23 Id., 895;
Tel. Co. v. Carter, 22 Id., 961; Tel. Co. v. Zane, 25 Id., 722.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the de-
fendant in error to recover of the plaintiff in error damages for the
negligent delay of the company in the delivery of a telegraphic mes-
sage.   The message was written by the brother of the defendant in
error at Falcon, Tenn., and was delivered to the company's agent at
that place for transmission and delivery to defendant in error, at
Belcher, Texas.   It informed the latter that his father was very low
with catarrhal pneumonia, and that the sender did not think he would
live very long.   It was received at Belcher at 11:26 a. m. on March 11,
but was not delivered until 8:30 a. m. the next day.   The father died
on the 12th day of the same month, and was buried on the 13th, in the
afternoon.   The defendant in error took the first train for Falcon after
the receipt of the message, but did not arrive until the 14th.   If the
message had been promptly delivered he would have left twenty-four
hours earlier, and would have been present at his father's burial.
There was testimony to show, that if he had telegraphed his relatives

notifying them of his coming, the burial would have been postponed until his arrival.

Upon the subject of the plaintiff's negligence, the court charged the jury as follows: "If you find, that after the plaintiff received said message he failed to exercise that degree of diligence to reach his father before his burial that an ordinarily prudent person would have used under the same circumstances, and if his failure to use such diligence contributed directly and proximately to his failure to see his father before his burial, then you will find for the defendant, notwithstanding you may find that the defendant was guilty of negligence in the delivery of said message to plaintiff." The following special instruction was requested on behalf of the defendant, but was refused by the court: "If you believe from the evidence that the plaintiff failed to reply to the message in question, announcing that he was on his way to his father's, and that if he had sent an answering message the same would have reached its destination in due time, and that his father's funeral would have been postponed until his arrival, and you believe that a reasonably prudent man similarly situated would have sent said message, then you will find for the defendant." We think the court should have given the requested instruction. One who is threatened with damage by reason of the negligent conduct of another should exercise reasonable prudence to avert the consequences of such neglect. He is bound to use ordinary care "to render the injury as light as possible," provided it can be done at a reasonable expense. Railway v. Anderson, 85 Texas, 88; Railway v. McMannewitz, 70 Texas, 73. The effect of the requested charge was to instruct the jury, that if they should find that if the plaintiff had telegraphed in answer to the message received by him, and that if, in consequence, the burial would have been postponed until his arrival, and that it was negligent for him not to do so, he could not recover. This was not a charge upon the weight of the evidence. It left all the questions of fact, including that of negligence or not, to the determination of the jury. Railway v. Shieder, ante, p. 152. The general charge did not submit the issue whether it was negligent or not on part of the plaintiff to fail to send a message. It merely instructed the jury, that if he failed to exercise reasonable diligence to reach his father before the burial, then they should find for the defendant. This applies only to the fact of his availing himself of the means of transportation at his command for reaching the point of his destination—a fact about which there was no question. The jury must have so understood it.

The answer of the defendant did not plead specifically the failure to send an answering message as contributory negligence; but it averred generally, that the plaintiff's "injuries were caused directly and proximately by plaintiff's own negligence." If specially excepted to for generality, the averment should have been held bad. But no exception was interposed, and the allegation was sufficient to submit proof of the defense. May v. Taylor, 22 Texas, 348.

The message shows prima facie that it was sent for the benefit of the plaintiff, and hence it was not necessary to aver the fact in so many words, or to prove it otherwise than by the message itself.

It is not for us to pass upon the questions raised by the other assignments. They relate to the propriety and amount of the verdict—questions of fact over which me have no control.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 13, 1895.