## Gulf, Colorado & Santa Fe Railway Company v. A. D. Mangham.

### No. 1088. Decided April 14, 1902.

**1.—Contributory Negligence—Pleading—Charge—Grouping Facts.**

A plea of contributory negligence in general terms, not setting forth the particular default in care constituting the negligence, is sufficient, if not excepted to, to admit proof of the particulars, and to entitle defendant to a requested instruction grouping such particular facts establishing the defense and declaring their legal effect. (Pp. 417, 418.)

**2.—Evidence—Partial Disability—Expectancy of Life.**

Evidence, by standard mortality tables, to show the probable duration of the life of a plaintiff suing for injury to the person, is admissible to establish the damages from a permanent but only partial disability to labor resulting from such injury, and is not limited to cases where the incapacity is total. Railway v. Cooper, 2 Texas Civ. App., 42, approved, and Railway v. Douglass, 69 Texas, 694, overruled. (Pp. 417, 419.)

Questions certified from the Court of Civil Appeals for the Fifth District, in ar appeal from Johnson County.

*Ramsey & Odell* and *J. W. Terry*, for appellant.—It is not necessary in Texas to plead contributory negligence, but evidence thereof is admissible under general denial. Rogers v. Watson, White & W. C. C., p. 162, sec. 382; 6 Wait's Act. and Def., sec. 6, p. 600; Thomp. on Neg., 1179, sec. 26, and cases cited; Railway v. Pollard, 2 Wills. C. C., sec. 482, p. 427.

The rule, as stated, in the proposition, prevails in jurisdictions where it has been held, as in Texas, that the burden of proving contributory negligence is on the defendant. Railway v. Sheider, 88 Texas, 162; Railway v. Slattery, L. R. 3 App., 1180; Holden v. Liverpool Gas Co., 3 C. B., 1; Gough v. Bryan, 2 M. & W., 770; Bridge v. Railway, 3 M. & W., 244; Butterfield v. Forrester, 11 East., 60; St. Anthony Falls W. P. Co. v. Eastman, 20 Minn., 277; Hocum v. Weitherick, 22 Minn., 153; Potter v. Railway, 20 Wis., 563; Cunningham v. Lyness, 22 Wis., 245.

As a general proposition, all evidence tending to show that plaintiff never had a case in the first instance is admissible in Texas under the general denial. Railway v. Henry, 65 Texas, 688; Railway v. Parker, 50 Texas, 330; Altgelt v. Emilienburg, 64 Texas, 150; Railway v. Godair, 3 Texas Civ. App., 514; Railway v. McMahan, 6 Texas Civ. App., 601; Railway v. Dorough, 72 Texas, 108; Baxter v. Railway, 22 S. W. Rep., 1002; Railway v. Washington, 94 Texas, 510, and cases cited.

In those states where it has been held necessary to plead contributory negligence, the decisions have been influenced by code provisions on subject of pleadings, and hence it is believed they are not authority in Texas.

Assuming that it was not necessary to plead contributory negligence, it inevitably follows that the defendant was entitled to have the case, as made by the evidence, submitted to the jury by appropriate instructions. It is conceded by the court. in the certified question, that the instructions were appropriate to the evidence.

Granting that it was necessary for defendant to specially plead contributory negligence, there was no special exception filed to the form or sufficiency of the plea, and in our jurisprudence, in the absence of special exceptions, the pleadings, both of the plaintiff and defendant, are treated with great liberality.    Black v. Drury, 24 Texas, 292; Tillman. v. Fletcher, 78 Texas, 675; Harris v. Williams, 44 Texas, 127; Railway v. Williams, 91 Texas. 255; Railway v. Harris, 65 S. W. Rep., 885; Avery v. Implement Co., 37 S. W. Rep., 466; Holstein v. Adams. 72 Texas, 489.

It is not questioned but that the evidence of contributory negligence was properly admitted under defendant's pleading. and this being so, the defendant was entitled to have the jury charged on the evidence so lawfully admitted.    Railway v. Washington, 94 Texas, 510.

Article 1317 of the Revised Statutes provides that the court shall instruct the jury as to the law arising on the facts.    There is no limitation or condition to this article to the effect that to entitle the party to have the jury so instructed on the facts, such facts must have been pleaded in detail.    It is submitted, the only test is whether the facts were admissible under the pleadings, and if so, the party is entitled, and should have the jury charged, on these facts.    The jury do not decide the case on the pleadings, but on the evidence.    The jury really has nothing to do with the pleadings.    A charge can very properly be framed without making any reference whatsoever to the pleadings.    In the last analysis. it is the evidence or facts which have been properly admitted under the pleadings upon which the court should charge the jury.

On the proposition that tables of life expectancy are not admissible in cases not resulting in death, and where total disability is shown, we rely on the following:    Railway v. Douglass. 69 Texas, 699; Railway v. Nelson, 49 S. W. Rep.. 710; City of Honey Grove v. Lamaster, 50 S. W. Rep., 1053; Railway v. St. Clair, 51 S. W. Rep., 666.

It is now settled that a party is entitled to have in cases of this character a charge given to the jury applying the law to the facts of the very case.    Railway v. Cassedy, 50 S. W. Rep., 125; Railway v. Rogers, 91 Texas, 52.; Railway v. McGlamory, 89 Texas, 635; Railway v. Shieder, 88 Texas, 152; Railway v. Washington, 94 Texas, 510.

*S. C. Padelford, Henry & Brown,* and *D. M. Watkins,* for appellee.— The defendant having plead only a general plea of contributory negligence, and having failed to file any special plea setting up any particular group of facts relied upon to show contributory negligence, and the court below having given a charge submitting the question of con-

tributory negligence to the jury in accordance with the pleadings of the defendant, the defendant was not entitled to a special charge grouping the facts relied upon as constituting contributory negligence and submitting the same to the jury; hence, because the defendant below did not have a special plea setting up the facts which constituted any contributory negligence on the part of the plaintiff, the court below did not err in refusing to give appellant's special charge. Railway v. Parker, 49 S. W. Rep., 717; Railway v. Hagood, 52 S. W. Rep., 574; Railway v. Milam, 60 S. W. Rep., 591; Railway v. Parker, 50 S. W. Rep., 606.

Our courts have held that before a party can require, by a special charge, of the court to state the fact or group of facts from which the conclusion of contributory negligence might be drawn by the jury, that the plea of the defendant must have set forth specially such fact or group of facts. In the case of Railway v. Parker, 49 Southwestern Reporter, 717, this question was directly raised, and the Court of Appeals for the Second Supreme Judicial District decided that because of the fact that the plea of the defendant did not set forth the fact or group of facts relied upon as contributory negligence, the court in refusing a charge setting forth such fact or group of facts did not err. A motion for rehearing was overruled and application to this court was made for writ of error, which was denied, consequently this question was directly presented to and decided by this court.

In the case of Railway v. Hagood, 52 Southwestern Reporter, 574, the same question was again raised before the Court of Civil Appeals for the Second District, and the Parker case, referred to above, was reaffirmed. This question was again raised in the case of Railway v. Milam, 60 Southwestern Reporter, 591, and 1 Texas Court Reporter, 453. And the Court of Civil Appeals at Austin held that where a special fact or group of facts, as grounds of contributory negligence, were not specially pleaded by the defendant, a special charge grouping said fact or facts was properly refused; laying down the same principle enunciated in the Parker and Hagood cases. A writ of error was applied for in said case, to the Supreme Court, and refused.

Wherever the plaintiff in a personal injury case has been permanently disabled, life tables are admissible, whether plaintiff's earning capacity had been totally or partially destroyed. A partial destruction of the plaintiff's earning capacity, if permanent, renders life tables admissible in a suit for personal injuries. Railway v. McGlamory, 34 S. W. Rep., 359; Railway v. Ware, 37 S. E. Rep., 975; Railway v. Simmons, 12 Texas Civ. App., 500; Railway v. Cooper, 2 Texas Civ. App., 42; Railway v. Morgan, 46 S. W. Rep., 672; Railway v. Ware, 112 Ga., 663; Railway v. Putnam, 118 U. S., 546; Railway v. Johnson, 66 Ga., 259; Powell v. Railway, 77 Ga., 192; Railway v. Chandler, 84 Ga., 37; Railway v. Garner, 91 Ga., 27; McDonald v. Railway, 26 Iowa, 124; Knapp v. Railway, 71 Iowa, 41; Chase v. Railway, 76 Iowa, 675; Blair v. Madison County, 81 Iowa, 313; Railway v. Griffith, 63 Ark., 491; Morrison

v. McAtee, 23 Ore., 530; Friend v. Ingersol, 39 Neb., 717; Whelan v. Railway, 38 Fed. Rep., 15; 20 Am. and Eng. Enc. of Law, 2 ed., 883.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and question:

"The following, taken from appellee's brief, states the nature of the cause, viz:

" 'This suit was brought by the plaintiff, A. D. Mangham, in the District Court of Johnson County, Texas, against the defendant, the Gulf, Colorado & Santa Fe Railway Company, for damages resulting from injuries inflicted on him by the negligence of the defendant, which injuries caused him the loss and amputation of his right leg. At the time of the injury, plaintiff was in the employ of the defendant as cinder pit and roundhouse man, and on the morning of his injury was ordered by his superior to perform the duties of assistant hostler in carrying the engines from the roundhouse to the depot in Cleburne, and in carrying the engines from the depot to the roundhouse. It was the duty of such assistant hostler to ride upon the engine in going through the switch yards of the defendant and from the roundhouse to the depot and from the depot back to the roundhouse, and if any of the switches upon said track upon which said engine was running were closed, to get off said engine and open said switches, so as to let the engine pass, and, as the engine came along by him, to catch hold of the hand-holds, put his foot on the step and climb upon the engine.

" 'That on the ―― day of October, 1900, the plaintiff was ordered by his superior to go with the hostler as his assistant in carrying the engine of the Cleburne and Paris train from the roundhouse to the depot; that he got upon said engine at the roundhouse, as was his duty to do, and started from the roundhouse with said engine to go to the depot; that the step on said engine which was used in getting on and off the same was defective, and that after said engine had gone some distance, a switch on the track a short distance ahead was discovered to be closed, and that when the engine got near said closed switch the hostler stopped the same, and plaintiff, as was his duty, got off said engine and opened said switch and signaled the hostler to come on. That as the engine was slowly passing him, he, as was the custom of employes in defendant's employment, and as was his duty, caught hold of the hand-holds on said engine and placed his foot on the step of said engine, and as he attempted to get back on said engine, the said step, by reason of being defective, turned and caused the plaintiff's foot and leg to be thrown on the iron rail, and the wheels of the engine were caused to roll over same and to crush and mangle same, which necessitated the amputation of his said foot and leg. That the defective condition of said step was caused by the negligence of the defendant, and that by reason of the negligence of the defendant in causing said step to become and remain defective, plaintiff was injured as stated above,' etc.

"The defendant pleaded merely: 1. A general denial. 2. A general plea of contributory negligence. The plea fails to set forth any acts of contributory negligence on the part of the plaintiff, but simply pleads that 'plaintiff's injury was caused by lack of care and contributory negligence, under the circumstances of the case, in getting upon or attempting to get upon the engine of defendant, which defendant pleads in bar of plaintiff's cause of action.' 3. And the general plea that plaintiff assumed the risk of said defective step.

"There was evidence tending to support the issues presented by the pleas of the respective parties.

"1. The appellant asked a special charge on contributory negligence in which the facts were grouped and the law applied thereto. This charge was refused and error is here assigned therefor.

"The court's charge on contributory negligence was in general terms, but as full as defendant's plea and correct as far as it went.

"Question. Where the facts in evidence relied on by the defendant to constitute contributory negligence are not specifically pleaded, and the court fails to group the facts but charges in general terms on contributory negligence, is the defendant entitled to have given a special charge grouping the facts and applying the law thereto?

"2. Error is assigned on the action of the court in admitting testimony as shown by bill of exceptions following: 'While the witness, S. D. Mobley, was on the stand as a witness in behalf of plaintiff, after stating that he was the agent of the Kansas Mutual and New York Life Insurance Company, that they were first-class companies, and that he had the tables of life expectancy used by these companies, he was asked by counsel for plaintiff to turn to his tables and see what would be the life expectancy of a man 43 years of age; that thereupon, in order to test the knowledge of the witness in reference to the matter inquired about, he was asked the following questions by counsel for defendant and made the following replies: "Q. These books are furnished as information and guides of insurance agents as a basis of premiums on insurance policies? A. These tables are compiled from the observations that have been made of men. Q. Well, these tables are sent to you as a matter of instruction for your guidance? A. Yes, sir. Q. All you know about the book is that it is in general use by the Kansas Mutual Life Insurance Company? A. Yes, sir; they are the tables based on the average mortality of the average man in good health. They take a number of men, say 10,000, and get the average life of a man. Q. You don't take any special class of men? A. No, sir. Q. Has it got any average life of a hostler helper? A. No; this company will not insure certain kinds of certain occupations. Q. This book simply shows how many years a man has coming to him, whether he gets it or not? A. Yes, sir." Whereupon said question asked by counsel for plaintiff was objected to by defendant; first, because the witness has no personal information or knowledge about the matter except what he derived from

these books, which are not standard at all but are merely some rules, together with some instructions, that are furnished him, and do not come up to the standard requirement of the law. Second, because the witness has disclosed the fact that these tables are based on the mortality of men in different walks of life and not of the life of a man engaged in this kind of business, which said objection was by the court overruled, and the witness permitted to answer that the life expectancy of a man 43 years of age was 26.59 years, to which action and ruling of the court the defendant then and there in open court excepted and here and now tenders his bill of exceptions, and asks that the same be approved and filed, which is accordingly done.' The bill of exceptions is allowed with the following corrections and explanations: 'The witness testified that he was the regular agent of the New York Life Insurance Company in Cleburne, and also of the Kansas Mutual Life Insurance Company. He had in his possession the mortality tables compiled by the actuary of said company, and were their approved tables and were used by these companies in their business by this agent, the witness, and that part of the tables which applied to the life expectancy of a man 43 years of age was only permitted to be read in evidence by the plaintiff. The same showed that the life expectancy of a man 43 years of age was 26.59 years, and this portion of the tables which applied only to a person of the same age as plaintiff was permitted to be read in evidence to the jury and was admitted solely on the issue of the measure of damage, and the jury were permitted to receive it for what they thought it was worth.'

"It was shown by the evidence that plaintiff was permanently disabled, but his capacity to earn money was not totally destroyed, but only partially destroyed for life.

"Question. Where the capacity to earn money is partially impaired permanently for life, but not entirely destroyed, are such tables as above mentioned admissible for consideration in determining the amount of damage? See Railway v. Douglas, 69 Texas, 694; City of Honey Grove v. Lamaster, 50 S. W. Rep., 1053. Contra, Railway v. Morgan, 46 S. W. Rep., 672; Railway v. Cooper, 2 Texas Civ. App., 42."

Answer to the first question: If the facts grouped in the appellant's charge were admissible under the plea of contributory negligence, and the charge was correct, it should have been given.

A defendant may plead contributory negligence in general terms, and, if not excepted to, the plea will authorize the introduction of testimony to establish the fact of negligence. Telegraph Co. v. Jeanes, 88 Texas, 230. The pleadings furnish the standard by which the court determines the admissibility of evidence, but it is the duty of the court to instruct "the jury as to the law arising on the facts." Rev. Stats., art. 1317. The charge which was refused is not submitted in the statement nor by the question, and its correctness is not involved in this answer.

Answer to the second question: The testimony which was offered to show the probable duration of the plaintiff's life was admissible under the facts certified.

When the capacity of one to earn money or to perform labor has been destroyed totally or partially impaired by the negligent act of another so that the injured party is entitled to recover, the measure of damages therefor is the loss which has occurred and will probably occur by reason of the injury; whether the impairment is partial or a total destruction of the capacity to labor or to earn money, the damage can be ascertained by determining what the capacity was at the time the injury occurred and how long the impairment will continue, which, in either case, must be coextensive with the future life of the injured party. Railway v. Putnam, 118 U. S., 554; Railway v. Cooper, 2 Texas Civ. App., 42. In the last case cited, this question was directly decided by the Court of Civil Appeals of the First District and an application was made to this court for a writ of error from that decision, in which this point was made one of the grounds upon which the writ was sought, the contention being that because the impairment was partial, the testimony was not admissible, and it was claimed that the case of Railway v. Douglas, 69 Texas, 694, was overruled. The application was refused by this court with the indorsement: "The questions passed upon were properly decided, although the application made of some cases cited may not have been strictly correct." The question submitted was directly passed upon in the case of Railway v. Cooper, and therefore the refusal of the writ involved the overruling of the case of Railway v. Douglass. In Honey Grove v. Lamaster, 50 Southwestern Reporter, 1053, Chief Justice Finley, of the Court of Civil Appeals of the Fifth District, expressed the opinion that there was no necessary conflict between the case of Railway v. Cooper and the case of Railway v. Douglass, but an examination of the two cases and the application, as it appears in the files of this court, satisfies us that this court intended to hold that the case of Railway v. Douglass was improperly decided and to sustain the decision in the case of Railway v. Cooper.

The decision of Railway v. Douglass announces a distinction which disregards the reason upon which this class of evidence is admissible. The capacity to earn money being permanently impaired, the injury must necessarily be in proportion to the impairment and the length of time it will be suffered, which is necessarily to the extent of the probable life of the injured party, and whether it be total or partial, its continuance must necessarily be for the same period—that is, the remainder of the life of the person injured; and the reason which permits the introduction of evidence to determine the probable continuance of life in the one case is equally potent in the other.