## TOWLER v. CHAMBERS. (No. 348.)

Court of Civil Appeals of Texas. Eastland.
Sept. 30, 1927.

**1. Pleading ⬉108—Overruling plea in abatement, alleging matter constituting bar to plaintiff's right of recovery, and which would be determined on trial, was proper.**

In action for damages for alleged breach of rental contract, defendant lessor's plea in abatement for failure to join another alleged lessee as party was properly overruled, since matters alleged in plea constituted bar to plaintiff's right of recovery, and came up for determination on trial under general issue.

**2. Evidence ⬉417(9)—In suit on contract, partly written and partly oral, parol testimony to establish oral portion is admissible.**

In suit on contract, part in writing and part oral, parol testimony is admissible to establish oral portion thereof.

**3. Evidence ⬉423(8) — Parol evidence that person signing rental contract was surety, and not lessee, was admissible, where contract did not contain name of lessee.**

Where written portion of rental contract was incomplete, in that name of lessee was not written therein, parol evidence to effect that one signing contract was surety, and not lessee, was properly admitted.

**4. Trial ⬉350(1)—Court, in submitting case on special issues, must submit all material issues made by pleadings and evidence (Rev. St. 1925, art. 2190).**

It is duty of court, under Rev. St. 1925, art. 2190, when case is submitted on special issues, to submit all material issues made by pleadings and evidence.

**5. Trial ⬉350(4)—Refusal to submit issue raised by pleadings and evidence, in action for breach of rental contract, held error.**

In action by lessee for breach of rental contract, pleadings and evidence held to raise issue as to whether there were one or two lessees in contract, and refusal to submit such issue at defendant's request was error.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Erath County.

Action by J. N. Chambers against F. W. Towler. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Chandler & Chandler, of Stephenville, for plaintiff in error.

Oxford & Johnson, of Stephenville, for defendant in error.

HICKMAN, J. For convenience the parties will be designated in this opinion as they were in the lower court. The defendant in error, J. N. Chambers, will be referred to as plaintiff, and the plaintiff in error, F. W. Towler, will be referred to as defendant. The suit was for damages for an alleged breach of a rental contract covering a farm in Erath county for the year 1924. The contract of rental was written in duplicate. The copy delivered to plaintiff was executed by the defendant, Towler, and the copy delivered to the defendant was executed by Emmett Chambers and plaintiff, J. N. Chambers. Neither copy of the contract was executed by all the parties thereto; but the copies are identical, except as to the signatures. In this contract the defendant, F. W. Towler, is named as lessor, but the lessee is not named, the space left in the contract for the insertion of the name of the lessee being left blank. Neither is the contract dated. In one place in the contract the plural form of the word "lessee" is used, but in other places the singular form is employed. Plaintiff alleged, in substance, that, while the name of Emmett Chambers was signed along with his to the contract, Emmett was not in fact one of the lessees, but was a surety; that Emmett Chambers was his son, and affixed his name to the contract at the request of the defendant as a guaranty that the obligations of the contract would be performed by his father. Defendant filed a plea in abatement, based upon the failure of plaintiff to join Emmett Chambers as a party to the suit. He also filed various demurrers, a general denial, and a special defense. The jury, upon competent evidence, resolved the issues of fact upon defendant's special defense against him, and no further notice will be taken thereof. The plea in abatement and demurrers were overruled, and the case submitted to the jury upon special issues, and upon the answers thereto the court rendered judgment against the defendant for $200. The appeal is from this judgment.

[1] The court did not err in overruling defendant's plea in abatement. The matter alleged in the plea constituted a bar to plaintiff's right of recovery, and necessarily came up for determination upon the trial under the general issue. Plaintiff alleged that Emmett Chambers was not a lessee under the contract, and the plea in abatement contradicted this allegation of fact. To require plaintiff to join Emmett Chambers in his

suit would, in effect, be compelling him to declare upon a contract which he alleged did not exist. He had a right to maintain his action upon the facts as alleged by him, but must suffer the consequences upon a trial on the merits if his proof failed to correspond to the allegations and establish the contract declared upon.

[2, 3] The assignment complaining of the admissibility of parol testimony to the effect that Emmett Chambers was a surety, and not a lessee, is overruled. The written portion of the contract was incomplete. The name of the lessee was not written therein. None of the terms of the written contract were varied or contradicted by proof of the name of the lessee. The suit was not upon a contract wholly in writing, but upon a contract, a part of which was in writing, and a part of which was oral. It is elementary that in suits upon such contracts parol testimony is admissible to establish the oral portion thereof.

[4, 5] The controlling question in the case is based upon the failure of the court to give in charge to the jury defendant's special requested instruction No. 3, as follows:

"Did the defendant, F. W. Towler, agree to rent the said Funk place for the year 1924 to Emmett Chambers and J. N. Chambers?"

The issue of fact suggested by the requested instruction was not in any manner or form submitted to the jury. It is the duty of the court when a case is submitted upon special issues to submit all the material issues made by the pleadings and evidence. Article 2190, R. S.; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Colorado & So. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; G., C. & S. F. Ry. Co. v. Mangham, 95 Tex. 417, 67 S. W. 765.

The issue of whether there was one or two lessees in the contract was material. Its materiality becomes apparent when the measure of damages is considered. The measure submitted by the court in this case was the difference between the net income derived by the plaintiff, J. N. Chambers, from the cultivation of the farm which he actually cultivated during 1924 and the net income which he would probably have earned had he cultivated in like manner the farm described in the rental contract. If Emmett Chambers was in fact one of the lessees, this measure of damages was incorrect, because it did not take into account his earnings for the year, but only the earnings of the other lessee.

It is conceded that the issue was raised by the pleadings; but the plaintiff contends that the evidence was insufficient to warrant its submission to the jury. We have carefully considered the evidence and are of the opinion that it clearly raised the issue suggested by the requested charge. In determining whether an issue of fact is raised by the evi-

dence, no question of preponderance is involved. We must look only to the evidence offered by the defendant in determining whether or not the issue was raised. On this issue the defendant testified as follows:

"The young man, Emmett Chambers, signed his name up here; he was named as a single boy; and the old gentleman signed it and the Jannings boys signed it as witnesses over on this side. They said they would cultivate it; Emmett said he would cultivate it; he was the oldest single boy. Mr. Chambers said he was old, and didn't take the lead any more; that he looked to the boys to take the lead, and he did up the chores. He had two boys with him that expected to work the crop, and he said he had two younger boys; one was going to school, I think; the other one had to work. I wouldn't have rented him that place if Emmett hadn't agreed to see that the place was worked and signed this contract, because I depended on the boys more than I did the old man."

On cross-examination, touching the matter, his testimony was:

"When they came out to my house to sign this contract, I had sent for them and they came—Emmett Chambers was with his father. They and another Chambers boy looked over the place. I rented this place to Mr. Chambers and his boys. I don't know that it is a fact that at the time I rented it to them this boy told me he would sign it as a guaranty that his father would have sufficient horse power and man power to work it. I looked to the boys for the whole thing more so than I did to his father, because he was a single man. Mr. Chambers told me he had two boys he was bringing with him. He told me that Emmett was going to work the land."

This testimony, in our opinion, was sufficient to raise the issue. It has some support in the circumstance that the signature of Emmett Chambers to the contract appeared above that of plaintiff with nothing to indicate that he signed in any other capacity than that of principal or lessee. We think it was error for the trial court not to submit to the jury the issue suggested by the defendant's requested charge No. 3.

For this error the judgment of the trial court will be reversed, and the cause remanded.

PANNILL, C. J., not sitting.