## HARSHA v. RENFRO DRUG CO., Inc., et al.

### No. 3081.

Court of Civil Appeals of Texas. El Paso.
Nov. 15, 1934.

Rehearing Denied Dec. 6, 1934.

F. C. Knollenberg and J. M. Deaver, both of El Paso, for appellant.

J. G. Bennis and Lea & Edwards, all of El Paso, for appellees.

PELPHREY, Chief Justice.

On October 6, 1932, appellant went into the drug store of appellee to make a purchase. As she was walking from the front to the back of the store she slipped and fell, from which fall she claims to have had her hip joint and pelvic bones fractured and her blood vessels and whole nervous system injured. On March 24, 1933, she filed her original petition naming appellee and the Metropolitan Casualty Insurance Company of New York as defendants.

In appellant's original petition the negligence of appellee was alleged thus:

"That the space left in the store for customers to walk is narrow immediately back of the soda fountain, to-wit: about three or four feet in width, and sandwiches, meals and fountain drinks composed of syrups, etc. and various slippery substances are dispensed, necessitating extra care on the part of defendant, Renfro Drug Company; but the said defendants, their agents and servants, disregarding their duty to the customers in general and this plaintiff in particular, on or about October 6, 1932, carelessly and negligently allowed the floor to be covered at or near the cash register and the soda fountain with some soapy or slippery water or substance, or a substance in the nature of some slick ointment or syrup, which rendered the floor unsafe and dangerous for the customers to walk upon, and which was unknown to this plaintiff, but

was known to the defendant, its agents, servants, manager and employees, or could have been known by the exercise of ordinary care, which was negligence on the part of the defendant and caused plaintiff to slip and fall down in such a manner as to strike her left hip, striking, bruising, shocking and injuring her hip, spine, body and limbs, causing a fracture of the hip joint and pelvic bones and straining and injuring her blood vessels and her whole nervous system. * * *

"That her injuries are serious, painful and permanent and her life will be greatly shortened by them, and said injuries were directly caused by the fall in the store on said date.

"That the substance on the floor cannot be by the plaintiff exactly determined, but was present on the tile floor, without any fault of this plaintiff, and when stepped upon caused her to fall and become injured, and it was the proximate cause of her fall and injury."

Appellant's amended petition contained the following additional allegations to the first quoted paragraph: "Or, in the alternative, if plaintiff is mistaken about the slick ointment or syrup, then in that case plaintiff alleges that the defendant, Renfro Drug Company, allowed, or ordered, its janitor to mop up the tile floor in said narrow passageway at a time when there were lots of customers in said store, covering the floor with some soapy or slippery water or cleaning substance which rendered the floor unsafe and dangerous for customers to walk upon, and which was unknown to this plaintiff, and said defendant, its agents, servants and employees, knowing it to be so covered, failed to warn this plaintiff thereof, which was negligence on the part of the defendant and caused plaintiff to slip and fall down in such a manner as to strike her left hip, striking, bruising, shocking and injuring her hip, spine, body and limbs, causing a fracture of the hip joint and pelvic bones, and straining and injuring her blood vessels and her whole nervous system."

The above was the only change in appellant's pleading except the omitting of the insurance company as a defendant. Appellee answered by general and special exceptions, general denial, certain special denials, and a plea of contributory negligence on the part of appellant.

The jury, in answer to special issues, found: (1) That appellee's janitor, just before appellant fell, had mopped the floor and made it slippery; (2) that appellant slipped and fell on the floor where it had been mopped; (3) that appellee was negligent in so mopping the floor; (4) that such negligence was a proxi-

mate cause of appellant's fall and injury; (5) that appellant did not know of the slippery condition of the floor; (6) that appellant's fall was not caused solely by a dark substance on the floor, which caused her to slide or fall; (7) that appellant was wearing shoes with heels worn on the outer side; (8) that she was negligent in wearing such shoes; (9) that such negligence caused or contributed to cause her to fall; (10) that appellant was not moving across the floor in a hurried manner at the time of her fall; (11) that appellant had a weakened ankle at the time of the accident; (12) that she was not negligent in walking as she did at the time of the accident; (13) that the fall suffered by appellant was not an unavoidable accident; (14) that $1,000 would compensate appellant for her injuries; (15) that the floor, at the place where appellant fell, was not in a reasonably safe condition for the use of customers; (16) that it was negligence for appellant to wear shoes with the kind of heels which she was wearing when she fell, and that such negligence caused or contributed to her fall.

Upon these findings the court rendered judgment that appellant take nothing, and she has appealed.

## Opinion.

■ Appellant presents fifteen assignments of error in her brief which are placed in three groups. Under these assignments she has six propositions of law. Group No. 1 relates to the trial court's action in permitting the jury to take the shoes appellant was wearing at the time of her fall into the jury room and in not setting aside the verdict upon it being called to its attention that the jury had conducted experiments with the shoes in the jury room.

In Linch v. Paris Lumber & Grain Elevator Co., 80 Tex. 23, 15 S. W. 208, 212, appellant presented an assignment of error as to the jury taking certain pieces of iron into the jury room. In discussing the question the court said:

"The objection appears substantially in the same terms in the bill of exceptions, which further shows that, while the objection was made within the hearing of the court, by inadvertence no ruling was made upon it by the court.

"Before a reversal should be had for such a cause, we think it should appear that a ruling of the court had been sought with greater diligence than seems to have been exercised in this instance. The objections assigned are such as would have been more properly urged to the introduction of the evidence than to its being carried with them by the jury in their

retirement. But however, or whenever made, we do not think that there was error committed in the admission of the evidence, and if the court had ruled that it might be taken by the jury in their retirement, we think it could not have been held by us any abuse of the court's proper discretion in such matters."

In Davis v. Callen (Tex. Civ. App.) 250 S. W. 305, the court held that a mechanical model offered by appellee was admissible, and that there was no error in permitting the jury to inspect it while deliberating on its verdict.

As far as the presence of the complained of article being in the jury room during the deliberations, we can see no difference between the Linch Case and the present one. There it was pieces of iron, and here it is shoes. Both had been introduced in evidence without objection, and here there was no complaint made until after the jury had returned its verdict into court.

The cases cited by appellant do not, we think, support her contention.

In the case of Wiggs v. Southwestern Teleg. & Tel. Co. (Tex. Civ. App.) 110 S. W. 179, 180, the error complained of was the court's refusal to permit the jury to have some telephone tickets. The Court of Civil Appeals, in discussing the court's action, said: "The tickets were only memoranda from which the witnesses refreshed their memories to enable them to testify as to the transaction, and which was only intelligible by explanation, and was not such written evidence as contemplated by the statute. Article 1303, Rev. St. 1895. Besides, the explanation of the notes on the back of the tickets relating to the time when received was clear and explicit, and the jury could not have gathered further legitimate information therefrom, but might have drawn improper inferences from the memoranda not explained."

It will clearly appear, from the above, that an entirely different question was presented in that case.

In Lincoln v. Stone (Tex. Com. App.) 59 S.W.(2d) 100, the judgment was reversed, not because the jury experimented with the taillight, but because one of the jurors, an expert in such matters, explained its workings. This, the court held, was misconduct because the jury had received new evidence.

Here, the jurors merely rubbed the shoes on the tile floor of the toilet room while the floor was dry, and then, when it was wet, in an effort, as some of them said, to see what caused appellant to slip, and to see whether the dark substance on the floor came from appellant's shoes or from some other source.

After the trial was made, the jury found, in effect, that there was a dark substance on the floor, but that her fall was not caused solely by it. It thus appears that appellant, not having been injured by the experiment, conceding that it constituted misconduct, cannot complain.

■ Special issues 10, 11, and 12 read:

"No. 10: Do you find from a preponderance of the evidence that, at the time of the accident complained of, plaintiff was wearing shoes with the heels worn on the outer side?

"No. 11: Do you find from a preponderance of the evidence that the plaintiff was negligent in wearing such shoes?

"No. 12: Do you find from a preponderance of the evidence that such negligence, if any, caused or contributed to cause, her fall complained of?"

Appellant lodged the following objections to these issues: "V. Plaintiff objects and excepts to the submission of the issues 10, 11 and 12, submitted to the jury, for the reason that there was no evidence introduced during the trial of the cause, upon which to base a submission of the issue involved in those 3 questions, and for the further reason that it is a submission of an uncontroverted issue and, as submitted, is in effect emphasizing a fact that is not in the case."

Appellant, in her assignments, now complains of the submission of the issues because of the absence of either pleading or evidence to support their submission.

Appellee alleged: "That the plaintiff's injuries, and all of them, were proximately caused and contributed to by her own negligence on the occasion in question." No exception was urged to the pleading because of its being too general, and it was sufficient to submit proof, of the defense of contributory negligence, however it might arise. Western Union Telegraph Company v. Jeanes, 88 Tex. 230, 31 S. W. 186; Gulf, C. & S. F. Railway Co. v. Mangham, 95 Tex. 413, 67 S. W. 765.

■ The shoes themselves, as said before, were introduced in evidence, and appellant testified that the taps on them were more worn on the outside than inside. She also testified that she was going on sixty-one years of age, and that she had fallen once before. We cannot say, as a matter of law, that the jury was not warranted in holding appellant negligent in wearing the shoes. The assignments are overruled.

It further appears that the court submitted to the jury appellee's issue B, which inquired whether appellant was negligent in wearing

shoes with the kind of heels which she wore on the occasion of her fall, and that no objection was made by appellant to its submission. There being evidence to support the findings of contributory negligence, we cannot say that the verdict was a result of passion and prejudice.

■ There was some question as to whether appellant's fall was caused by slipping on the wet floor or by slipping on some dark substance, and, therefore, it was not error for the court to inquire of the jury whether her fall was caused solely by the dark substance. Appellee's duty and liability would have been different if such had been the case.

■ We find no reversible error in the submission of issues Nos. 13, 14, 15, 16, 17, and 18. They were all answered favorably to appellant and became immaterial by reason of findings on other issues. We find in the record no bill of exceptions as to the trial court's action in sustaining the plea in abatement of Metropolitan Casualty Company, and appellant cannot now complain. 3 Tex. Jur., p. 234, § 155.

It appears from the record here that the plea in abatement was overruled at the first term of the court after the suit was filed, and that later the trial court changed his mind and sustained it. Under such facts it cannot be said that appellee waived the plea by not having it acted upon at the first term of the court. We do not concur in appellee's proposition that it was entitled, under the evidence here, to an instructed verdict, and its cross-assignment is accordingly overruled.

Finding no reversible error, the judgment of the trial court is affirmed.