## LUCKENBACH S. S. CO. v. CAMPBELL. *

(Circuit Court of Appeals, Ninth Circuit. October 19, 1925.)

No. 4648.

1. **Seamen ⊜⟹29(5)—Action for death of seaman held maintainable under statute.**

Action for death of seaman, resulting from fall through improperly lighted hatchway, *held* maintainable under Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), notwithstanding death occurred on land.

2. **Admiralty ⊜⟹118—Findings of trial court on question of negligence of steamship company, supported by competent evidence, not disturbed on appeal.**

Findings of court as to negligence of steamship company, resulting in death of seaman, supported by competent evidence, will not be disturbed on appeal, in absence of plain or obvious error.

3. **Seamen ⊜⟹29(5)—$5,000 damages for death of seaman held not so excessive as to justify appellate court's interference.**

$5,000 damages for death of seaman and for pain and suffering *held* not so excessive as to justify appellate court's interference.

*Rehearing denied November 9, 1925.

4. **Seamen ⊜⟹29(5)—Libel need not make reference to statute under which action is brought.**

Libel in action for death of seaman need not make specific reference to Act March 4, 1915, § 20, as amended Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), under which action is brought.

Appeal from District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

In Admiralty. Libel by Michael J. Campbell, administrator of the estate of John Campbell, deceased, against the Luckenbach Steamship Company. From decree for libelant, libelee appeals. Affirmed.

See, also, 5 F.(2d) 674.

Erskine Wood and Gunther F. Krause, both of Portland, Or., for appellant.

W. K. Royal and M. B. Meacham, both of Portland, Or., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. As the steamship F. J. Luckenbach was proceeding up the Columbia river to Portland, Or., one Campbell, a seaman on board, was ordered by his superior officer to sweep out and clean up the lower decks in the No. 2 hold, in company with other seamen, preparatory to taking on cargo. As Campbell was proceeding to the place in question, he fell through No. 4 hatch, receiving injuries from which he died on the following day. A libel was thereupon filed in the court below by the administrator of his estate against the Luckenbach Steamship Company to recover the resulting damages. The libel charged that the death was caused solely through the negligence and carelessness of the respondent, its officers and agents, in permitting the hatchway to remain open, unguarded, and uncovered between ports, in failing to warn Campbell of the danger of such opening, in failing to furnish sufficient light, in failing to place any railing or guard at or near the hatch to prevent the deceased from falling therein, and in failing to furnish a safe place to work. Upon the final hearing, the court below found that the respondent was negligent as charged, and awarded damages in the sum of $5,000. From the final decree, the present appeal is prosecuted.

[1] The action was based on section 20 of the Act of March 4, 1915 (38 Stat. 1185), as amended by section 33 of the Act of June 5, 1920 (41 Stat. 1007 [Comp. St. Ann. Supp. 1923, § 8337a]), and the first assign-

ment of error challenges the applicability of that statute to the facts before the court. This question has been answered adversely to the contention of the appellant by the Supreme Court in Panama R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. Under the remaining assignments of error, the appellant contends that the charges of negligence on its part are not sustained by the testimony, that the deceased was guilty of contributory negligence, and that the award of damages is excessive. In discussing the question of negligence, the court below said:

"So far as the negligence of the company was concerned, it seems to me that very clearly appears from the testimony, and it is not necessary to state in detail the testimony in reference to the matter."

[2, 3] There was ample testimony tending to prove that the working place was unnecessarily dark and dangerous, and whether the appellant, the deceased, or his fellow servants were responsible for that condition was a question of fact for the determination of the court below. The findings of that court, based as they were on competent testimony, will not be disturbed on appeal, in the absence of some plain or obvious error, and none such is here apparent. The only remaining assignment goes to the amount of the recovery. In discussing that question, the court below said:

"The only question I have had any doubt about was the amount of the recovery. It is a difficult and delicate matter always to undertake to fix the pecuniary compensation for the life of an individual. In this case the deceased was about 30 years old. He had a rather unsavory criminal record; he had been arrested and convicted several times for burglary and robbery, and had been arrested several times for vagrancy, and was addicted more or less to the use of narcotics. He does not seem to have been a young man who was industrious but, on the contrary, seems to have been rather a wanderer, and involved in difficulties in the various communities where he resided. The only evidence of his earning capacity given on the trial was a report of the master of the vessel made to this court in obedience to the law governing deceased seamen, in which it is said that his salary was, I believe, $40 a month, and I assume his board and lodging were in addition to that. So that, while I hesitate to fix the amount, it seems to me that under all the circumstances $5,000 is a fair amount to be fixed as damages in this case, and it will be so allowed."

[4] If the recovery must be limited to the pecuniary loss to the estate, the allowance would seem liberal, to say the least, but the statute on which the action was based is a survival statute, under which there may be a recovery for pain and suffering. St. Louis & Iron Mt. Ry. Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160. In view of that fact, and taking the two elements of damage into consideration, it cannot be said that the amount of the recovery is excessive, or is so excessive as to justify interference by an appellate court. There seems to be some contention that no reference was made in the libel to any statute, but this is wholly unnecessary. The pleader must plead his facts, and, when he does so, he may invoke the protection of the common law, or of any applicable statute.

The decree is affirmed.

