## CHESAPEAKE & O. RY. CO. v. WINDER.

Circuit Court of Appeals, Fourth Circuit.
January 10, 1928.

No. 2658.

1. **Master and servant** ⚖286(21), 287(1)—Negligence as to fireman, injured in mooring improperly manned car float at dock not built for purpose, held for jury (Employers' Liability Act [45 USCA §§ 51–59]).

In action under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), for personal injuries, sustained by fireman on car float in mooring such car float to dock, evidence that car float was being tied to dock not built for such purpose, and that float was not properly manned, *held* sufficient to take to jury question of employer's negligence.

2. **Master and servant** ⚖265(13)—Employer has burden to show employee assumed risk (Employers' Liability Act [45 USCA §§ 51–59]).

In action under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. 8057–8665), under which defense of assumption of risk is not barred, burden of proving that defendant assumed risk is on defendant.

3. **Master and servant** ⚖288(1)—Evidence must be clear and uncontradicted to show assumption of risk as matter of law (Employers' Liability Act [45 USCA §§ 51–59]).

In order for employer to have directed verdict in action for employee's injury, under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), on ground of assumption of risk, evidence tending to show such assumption must be clear and uncontradicted.

4. **Master and servant** ⚖288(2)—Fireman's assumption of risk of injury in tying car float to pier constructed for vessels with higher decks held for jury (Employers' Liability Act [45 USCA §§ 51–59]).

In action under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), brought by fireman on car float for injuries sustained in tying float to pier, evidence *held* sufficient to take case to jury on question of plaintiff's assumption of risk, where pier was constructed for vessels whose decks stood higher out of water than that of car float.

5. **Courts** ⚖406(1¼)—Trial ⚖144—Neither trial judge nor reviewing court may invade jury's province in fixing amount of damages.

Neither trial judge nor Circuit Court of Appeals is permitted to invade province of jury in fixing amount of damages in employee's personal injury action.

6. **Courts** ⚖406(1¼)—Correction of excessive verdict is for trial court, and not reviewable.

Correction of excessive verdict in employee's personal injury action is question for trial court, and not reviewable by Circuit Court of Appeals.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Action by M. P. Winder against the Chesapeake & Ohio Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William Leigh Williams, of Norfolk, Va., for plaintiff in error.

D. Arthur Kelsey, of Norfolk, Va. (Kelsey & Jett, of Norfolk, Va., on the brief), for defendant in error.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. This is an action at law, brought in the District Court of the United States for the Eastern District of Virginia, by M. P. Winder, defendant in error, against Chesapeake & Ohio Railway Company, plaintiff in error, for personal injury. In the court below, the defendant in error was plaintiff, and plaintiff in error defendant, and they will be so designated here.

Plaintiff was employed by the defendant as a fireman on a car float operating between the terminals of defendant at Norfolk and Newport News, the crew of which car float ordinarily included two firemen. On the night of August 31, 1926, the car float upon which the plaintiff worked, arrived at Newport News about 7:30 p. m. in command of the captain of a tug which was towing the float. It was found that the piers or bridges ordinarily used for the tying up of the float were occupied, and an attempt was made to tie up the float at a pier ordinarily used for ocean-going vessels, known as pier No. 8. The deck of the float upon which plaintiff worked, was a very short distance above the water. The floor of pier No. 8 was much higher than the deck of the float. There was only one fireman on the car float. On arriving at pier No. 8, the captain in charge of the float directed plaintiff, whose duty it was to assist in mooring or tying up the car float, to climb up on dock No. 8, and make fast the line. In obeying the order, plaintiff was injured, and on trial the jury brought in a verdict in his favor for $7,500.

Three main points are raised here by the defendant: First, that there was no evidence of negligence sufficient to render defendant liable; second, that the plaintiff assumed the risk; third, that the verdict was excessive, or that in fixing the amount the jury did not take into consideration any evidence of contributory negligence on the part of the plaintiff himself.

[1] On the first point, the evidence shows that defendant through its agents undertook to tie up the car float to a dock not built for that purpose. In the operation of its business in the harbor, at Norfolk, the defendant must certainly be charged with the responsibility of having proper facilities for operation. The float at the time of the injury complained of was not properly manned, as it is admitted that ordinarily two firemen worked on the float and assisted each other in the mooring. There was certainly enough evidence on these points to justify the case going to the jury.

[2-4] On the second point, as to the assumption of the risk by the defendant, while it is true that the defense of the assumption of risk is not barred by the Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665)—Jacobs v. So. Ry. Co., 241 U. S. 229, 36 S. Ct. 588, 60 L. Ed. 970—the burden of proving that plaintiff had assumed the risk is upon the defendant, and in order to justify a directed verdict for the defendant on that ground the evidence tending to show such assumption must be clear and uncontradicted. K. & M. Ry. Co. v. Kerse, 239 U. S. 576, 36 S. Ct. 174, 60 L. Ed. 448.

In this case the evidence was such that the judge below was clearly right in letting the case go to the jury on this question. In the case of C. & O. Ry. Co. v. Proffitt, 241 U. S. 462, 36 S. Ct. 620, 60 L. Ed. 1102, the court, in discussing a similar question to the one here, said: "But, if it was an unusual and extraordinary danger, plaintiff could not be held to have assumed it, in the absence of knowledge or notice on his part. To subject an employee, without warning, to unusual dangers not normally incident to the employment, is itself an act of negligence. And, as has been laid down in repeated decisions of this court, while an employee assumes the risks and dangers ordinarily incident to the employment in which he voluntarily engages, so far as these are not attributable to the negligence of the employer or of those for whose conduct the employer is responsible, the employee has the right to assume that the employer has exercised proper care with respect to providing a reasonably safe place to work (and this includes care in establishing a reasonably safe system or method of work), and is not to be treated as assuming a risk that is attributable to the employer's negligence until he becomes aware of it, or it is so plainly observable that he must be presumed to have known of it. The employee is not obliged to exercise care to discover dangers not ordinarily incident to the employment, but which result from the employer's negligence." See numerous cases cited.

Here the plaintiff was suddenly required to assist in the tying up of the barge or float, on which he was regularly employed, to a dock that was not intended to be used for floats of the character of the one he was on. The dock was constructed for and intended to be used by vessels whose decks stood higher out of the water. The situation was unusual, and was in no wise the fault of the plaintiff. He was under the direction of the captain of the tug, who was in charge of the float as well as of the tug. The injured man was ordered by the captain to "get up on the dock" from the deck of the float. Had he not obeyed this order, he would have been insubordinate and liable to discharge. In addition to this, the float was undermanned. One of the crew who usually assisted in landings at docks was absent. Had the float not been short-handed, the help given by his coworker might, and in all probability would, have avoided any accident.

All these circumstances were in no wise under the control of the plaintiff, and he cannot be charged with responsibility in connection with them. On the other hand, the defendant company was in control of the conditions under which the landing was made, and is properly chargeable with the responsibility therefor. In addition to this, it was in evidence that the dock was not properly lighted, and certainly this was no fault of the plaintiff. When the defendant undertook through its agents to moor a float to a dock, which was not built for that purpose, it cannot be held that the plaintiff was responsible for what happened.

[5, 6] As to the third point, the charge of the trial judge was fair and impartial, and on the question of comparative negligence was in accord with the opinion of Mr. Justice Van Devanter on that subject in Norfolk & W. Ry. Co. v. Earnest, 229 U. S. 114, 33 S. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172, relied upon by plaintiff in error. It cannot be said, from the evidence in this case, that the jury failed to give proper con-

sideration to the charge of the court in assessing the damages. The trial judge could not invade the province of the jury when it came to fixing the amount of damages, to which the plaintiff was entitled, nor can we do so. The correction of an excessive verdict is a question for the trial court and is not reviewable by the appellate court. Williamson v. Osenton (C. C. A.) 220 F. 653; C. & O. Ry. v. Proffitt (C. C. A.) 218 F. 23. See, also, St. Louis, I. M. & S. Ry. Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160; Zoline's Federal Appellate Jurisdiction and Procedure (2d Ed.) § 113.

We find that there was no error in submitting the case to the jury, and none in the charge of the court. For the reasons above stated, the judgment of the court below is affirmed.