**SPEARS DAIRY, Inc., v. BOHRER et ux.**

No. 2262.

Court of Civil Appeals of Texas. Beaumont.
Oct. 27, 1932.

Rehearing Denied Nov. 30, 1932.

John F. Battaile, of Houston, and Howth, Adams & Hart, of Beaumont, for plaintiff in error.

Morris & Bennett, of Beaumont, for defendants in error.

WALKER, C. J.

This lawsuit grew out of the following facts. On the morning of January 17, 1931, about 4:30 o'clock, George Bohrer, eleven years of age, and his brother Lyle, about sixteen years of age, sons of appellees, Mr. and Mrs. R. C. Bohrer, were engaged in delivering the morning papers in the city of Beaumont. At about the hour named, George was standing somewhere near the intersection of Craig street and Johns avenue in the city of Beaumont in charge of a little wagon filled with morning papers. The plan of work was that George would pull the wagon from place to place, and Lyle would take papers from the wagon and deliver them to their customers. While George was standing near the intersection of Johns avenue and Craig street, Mr. Tolle, in charge of a delivery milk truck belonging to appellant, Spears Dairy, Inc., drove by George to the second house on the right side of Johns avenue, north of the Craig street intersection, where he stopped, and his assistant, Giles Owens, about fourteen years of age, delivered milk to a customer who lived in that house. It took possibly one minute to make this delivery. During that time the milk truck was parked near and parallel with the curb, and about in front of the drive that led from the curb east towards the back of this house. When the delivery was completed, it was Mr. Tolle's statement upon the trial of the case that he looked to the rear of his truck and thought the rear was clear; that Giles, from the opposite side of the truck, told him the rear was clear; whereupon, without blowing his horn, he backed his truck down Johns avenue towards the Craig street intersection. In backing his truck, he struck and ran over George Bohrer and his little wagon. It was also the statement of Mr. Tolle and his assistant, Giles, that they struck George after backing their truck about two feet. There was other testimony to the effect that the truck was backed as much as eighteen feet, or possibly more, before George was struck. He and his little wagon were found under the center of the truck. Mr. Tolle took charge of George and carried him to appellant's dairy, where Mr. Goodell, one of appellant's principal employees, took charge of George and carried him to Beaumont General Hospital. An examination there showed that his arm was broken. His attending physicians administered to

him an anæsthetic, under which he died within a few minutes as a result of concussion of the brain. Post mortem examination disclosed the fact that George's skull was fractured at the base. After being taken from under the truck, George complained of the injury to his arm and of a severe headache, as well as of the other injuries received by him. He lived a little more than two hours after being injured.

This suit was brought by Mr. and Mrs. R. C. Bohrer, George's father and mother, for damages in the sum of $15,466.24, suffered by them as a result of George's death, and for $5,000 damages as heirs of George's estate for the physical pain and mental anguish suffered by George as a result of his injuries. The grounds of negligence pleaded were that the driver of the truck was guilty of negligence in backing the truck in a reckless manner without giving the statutory signals. Appellant answered by general and special demurrers, general denial, pleas of misjoinder of causes of action, that Tolle was an independent contractor, that George was guilty of contributory negligence, etc. The pleas of misjoinder of causes of action and of independent contractor were overruled by the court. On the theory that the evidence showed that Tolle was guilty of violating the Penal Code in backing his truck, and therefore guilty of negligence as a matter of law, the court did not submit this issue of negligence to the jury, but only the two following issues of proximate cause, which were answered in the affirmative.

"Issue No. 1

"Was the failure of W. L. Tolle to see first that there was sufficient space for such movement to be made in safety before backing the truck on the occasion in question a proximate cause of the injuries to Geo. Bohrer?

"Answer 'Yes' or 'no' as you find the facts to be.

"In connection with this issue and Issue No. 2 herein, you are charged that article 801, subdivision K of the Penal Code of Texas of 1925 provides as follows:

"'The person in charge of any vehicle upon any public highway before turning, stopping, or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping, or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course.'

"Issue No. 2

"Was the failure of W. L. Tolle to give an audible signal of his intentions to back said truck on the occasion in question a proximate cause of the injuries to Geo. Bohrer?"

The court also inquired of the jury whether Mr. Tolle backed his truck "at a fast rate of speed," whether his act in so doing was negligence, and whether such negligence constituted a proximate cause of the injuries sued for. These issues were all answered in the affirmative. The jury also found in favor of appellees on the issue of contributory negligence, and that George's injuries were not the result of an unavoidable accident. Under appropriate charges the jury found in appellees' favor as heirs of George's estate, and assessed their damages at $5,000. The jury also found for appellees, $5 hospital expenses, $30 doctor bill, $390.46 funeral expense, and $1,000 as the amount they had a reasonable expectation of receiving from George "had he not died." Judgment was accordingly entered in their favor, from which appellant has duly prosecuted its appeal to this court.

■ There is no merit in the contention that the joinder of the cause of action, accruing to appellees for loss of the services of their son George, the expenses of his funeral, hospital fees, and other expenses, with their cause of action as George's heirs, for the pain and suffering, etc., endured by him because of his injuries, constituted a misjoinder of causes of action. St. Louis S. W. Ry. Co. v. Hengst, 36 Tex. Civ. App. 217, 81 S. W. 832; G., C. & S. F. Ry. Co. v. Moore, 28 Tex. Civ. App. 603, 68 S. W. 559.

■ The court ruled correctly in refusing to submit to the jury the issue of independent contractor. Mr. Tolle was not an independent contractor but, as a matter of law, appellant's servant. On this issue the facts are that appellant used six milk trucks in the city of Beaumont in distributing its milk. One of these trucks was operated by Mr. Tolle, the driver who ran over George. Upon Mr. Tolle's truck was printed in large letters an advertisement of appellant's dairy. Appellant assigned Mr. Tolle a designated territory which he was required to make every day. The truck was kept at the dairy. Mr. Tolle went to the dairy daily, where his truck was delivered to him, loaded with milk furnished by appellant. Appellant also furnished the bottles and all the other necessary equipment. It was the duty of Mr. Tolle to find his own customers, to whom he sold the milk at his personal risk. The milk was delivered to Mr. Tolle and charged to him at the same price he was required to sell it. If he sold milk for which he did not collect, the loss was his. He was also charged with the value of all lost and broken bottles. All milk delivered to him and which he did not sell was returned by him to the dairy. He was in no way held responsible for the undelivered milk. He received a fixed commission upon all milk sold and delivered by him, which was the method of his compensation. His assistant, Giles Owens, was employed by him with the express consent of appellant. Giles' expenses were paid by Mr. Tolle from

his commissions. Mr. Tolle was not permitted to sell any other milk, that is to say, he was required to give all his time to selling appellant's milk. As stated above, Mr. Tolle carried George to the dairy, where one of appellant's servants took charge of him and carried him to the Beaumont General Hospital. In explanation of this fact, the testimony was to the effect that appellant did all of its business with Beaumont General Hospital. After carrying George to the dairy, Mr. Tolle gave him no further attention. These facts made Tolle the servant of appellant, and not an independent contractor. In defining "an independent contractor," our Supreme Court, in Cunningham v. International Railroad Co., 51 Tex. 503, 505, 32 Am. Rep. 632, said: "The true test * * * by which to determine whether one who renders service to another does so as a contractor or not, is to ascertain whether he renders the service in the course of an *independent occupation*, representing the will of his employer only as to the result of the work, and not as to the *means* by which it is accomplished."

On the facts stated, Mr. Tolle represented the will of appellant, not only as to the result of his work, that is, the selling of the milk, but also as to the manner by which the milk was sold. The following additional authorities support our conclusion that Mr. Tolle was merely a servant for whose act appellant was responsible: Maryland Casualty Co. v. Kent (Tex. Civ. App.) 271 S. W. 929; Id. (Tex. Com. App.) 3 S.W.(2d) 414; Patton-Worsham Drug Co. v. Drennon (Tex. Civ. App.) 123 S. W. 705; Prairie Oil & Gas Co. v. Wright (Tex. Civ. App.) 238 S. W. 974; Woodward-Wanger Co. v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 371; Brinker v. First National Bank (Tex. Com. App.) 37 S.W.(2d) 136, 137; 2 Tex. Jur. 651, 228.

■ The facts of the record established, as a matter of law, that Mr. Tolle backed his truck down Johns avenue towards the Craig street intersection, without complying with the provisions of the article of the Penal Code given in charge to the jury. This violation of the Penal Code convicted him of negligence as a matter of law, and therefore the court did not err in refusing to submit to the jury the issue of negligence predicated upon his failure to give the statutory signals before backing his truck. On this conclusion the proper issues to go to the jury were the issues of proximate cause, as submitted by questions 1 and 2.

■ There is no merit in the proposition that, as a pedestrian, George was not within the protection of the article of the Penal Code submitted by the court's charge. In the language of the Code, he was "in charge" of his little wagon at the time he was struck, which was a "vehicle" within the meaning of the Code.

■ It is further contended that Mr. Tolle was not operating his truck within the terms of the Code, on the theory that he was not "turning, stopping or changing the course of his vehicle." This contention is overruled. The truck was being operated north on Johns avenue, until it was parked for the purpose of delivering the milk. Then, within about a minute, the course was changed by backing it down Johns avenue towards the Craig street intersection. This fact brought the operation of the truck directly within the terms of the Code.

■ We also overrule the contention that the Code imposes upon the drivers of vehicles only the duty of exercising ordinary care to observe the statutory signals. Appellant insists that, though the statutory signals were not given, it was entitled to the submission of an issue as to whether or not this omission on the part of the driver of the truck constituted negligence. Appellant's proposition is not sound. Certain things are required by the Code of the drivers of vehicles. The failure to comply with these statutory requirements constitutes legal negligence. When the evidence establishes the fact, as a matter of law, that the Code is violated, negligence, as a matter of law, is established, and only the issues of proximate cause, as they relate to this issue, should go to the jury. Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S. W. 363.

■■ But we sustain the contention of appellant that the giving in charge to the jury of article 801, subdivision K, of the Penal Code was error. This article of the Code had no relation whatever to the issues of proximate cause submitted by questions 1 and 2, and could not aid the jury in any way in answering these questions. Therefore this charge was a direct violation of article 2189, R. S. 1925, which, as construed by the Commission of Appeals in Radford Grocery Co. v. Andrews, 15 S.W.(2d) 218, 219, provides: "That when a case is submitted, * * * the court shall submit only 'such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues.'" Appellees assert that this assignment cannot constitute reversible error because, they say, the point was not saved in the exceptions to the charge. We do not determine this construction of appellant's exceptions. This point of error is made in the brief, and, being well taken, we have discussed it only because the judgment of the lower court will have to be reversed for the failure to submit properly the issues of contributory negligence.

■ Contributory negligence was pleaded by appellant as follows: "The injuries and * * * death of the child of plaintiffs was proximately caused and due to the contributory negligence of said child in being in and upon the streets of the city of Beaumont, Tex-

as, at the time and place in question and under the attending circumstances."

The court sent this issue to the jury by the following question: "Was George Bohrer guilty of negligence in being on the street where he was on the occasion in question?"

In connection with this question it was not error for the court, as appellant insists, to refuse "to instruct the jury that in passing on said issue they must view it in the light of the facts adduced in evidence." This instruction was a part of the main charge.

 But it was reversible error for the court, over the exceptions of appellant, to refuse to submit to the jury the issues as to whether or not George Bohrer pulled his little wagon up immediately behind the truck, and whether such act was negligence and the proximate cause of the accident. The testimony of Mr. Tolle and his helper, with the other circumstances in the case, raised these issues. Thus, they testified that they ran over George after backing their truck about two feet. It is no answer to this proposition to say that the great weight and preponderance of the evidence is to the effect that the truck must have backed at least eighteen feet before striking George. The testimony of these witnesses raised these issues, and it was for the jury to pass upon their credibility. The general rule is thus stated: "Where the evidence is conflicting or different inferences of fact may be reasonably drawn therefrom, it is a question for the jury whether a pedestrian struck by defendant was guilty of contributory negligence, and whether such contributory negligence was the proximate cause of the injury." 42 C. J. 1267.

Under our decisions, it is reversible error to refuse the defendant an affirmative submission of the issue of contributory negligence, raised by any specific group of facts, even though he has interposed only a general plea of contributory negligence. H. E. & W. T. Ry. Co. v. Lynch (Tex. Civ. App.) 208 S. W. 714, 723; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Hulen v. Ives (Tex. Civ. App.) 281 S. W. 350; St. Louis, S. F. & T. Ry. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808; Munger Automobile Co. v. American Lloyds (Tex. Civ. App.) 267 S. W. 304. In Gulf, C. & S. F. Railway Co. v. Mangham, 95 Tex. 413, 67 S. W. 765, 766, our Supreme Court said: "If the facts grouped in the appellant's charge were admissible under the plea of contributory negligence, and the charge was correct, it should have been given."

After overruling a proposition identical with the proposition now under discussion, this court, on authority of that case, granted a rehearing, and reversed its holding in H. E. & W. T. Ry. Co. v. Lynch, supra. In holding that the defendant was entitled to have submitted the grouped facts raising the issue of contributory negligence, Mr. Chief Justice Hightower, speaking for our court, said: "After careful consideration of the decision in that case, which was in answer to a certified question from the Galveston Court of Civil Appeals, we have concluded that our holding in the former opinion, to the effect that appellant was not entitled to the requested instruction, for the reason that its plea of contributory negligence was only a general one, was error, and that the decision of the Supreme Court in that case is conclusive in favor of the contention of appellant on this point."

In addition to raising this issue by exceptions to the charge, appellant also complains in its motion for new trial that the court refused to submit certain specific issues, which the motion asserts were duly presented to the court and refused. There is nothing in the record to show that these specific issues were ever called to the trial court's attention. But the omission in the charge was called directly to the court's attention by exceptions properly reserved, and these exceptions are sufficient, as we have just held, to support appellant's proposition of error. Indemnity Insurance Co. v. Boland (Tex. Civ. App.) 31 S.W.(2d) 518.

 We overrule appellant's assignment that the verdict was excessive. We think the amount of the judgment has reasonable support in St. Louis, I. M. & S. Railway Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160; Marcus v. Huguley (Tex. Civ. App.) 37 S.W.(2d) 1100; Payne v. Shepler (Tex. Civ. App.) 243 S. W. 538.

Dr. Jackson and R. C. Bohrer were permitted, over appellant's objections, to testify as to certain statements made by George explaining the circumstances of the accident and the rate of speed at which the truck was backing when it struck him. On the record before us, this testimony was admissible as a part of the res gestæ.

For the reason discussed above, the judgment of the lower court is reversed, and the cause remanded for a new trial.