The judgment is reversed and the cause remanded.

## GULFTEX LIQUOR CORPORATION v. BLAKE.

### No. 3143.

Court of Civil Appeals of Texas. Beaumont.

June 3, 1937.

Gordon, Lawhon, Sharfstein & Bell, of Beaumont, for appellant.

Synnott & Smith, of Jasper, H. M. Kinard, of Orange, and Roi Blake, of Jasper, for appellee.

O'QUINN, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee sued appellant in the district court of Jasper county, Tex., to recover damages for trespass alleged to have been occasioned by the collision of an automobile driven by an agent of appellant and the automobile of appellee, causing personal injury to appellee and damage to his car.

Appellant duly filed its plea of privilege to be sued in Jefferson county, Tex., its alleged domicile.

Appellee filed his controverting affidavit wherein he replead substantially all of the grounds for his right to recover damages because of a trespass committed in Jasper county, as alleged in his original petition, and specially alleged, substantially, that on August 18, 1936, while he was carefully operating his automobile on and over public highway No. 8 in Jasper county in a northerly direction, appellant, its agents, servants, and employees while operating a motor vehicle on and over said public highway in a southerly direction, at a dangerous, reckless, and unlawful rate of speed of more than 50 miles per hour, to wit, 65 miles per hour, carelessly and negligently drove said motor vehicle into and against the car in which he was riding in such manner as to amount to an affirmative act of negligence, constituting an active trespass, causing injury to him and damage to his car; that the agent, servant, and employee of appellant at the time of said collision was in the course of his employment with appellant and in the furtherance of appellant's business; that at the time the motor vehicle operated by the said agent and employee of appellant collided with appellee's car, the motor vehicle operated by said agent and employee of appellant was being operated in violation of law, in that it was being operated at the unlawful speed of 65 miles per hour over a public highway, and that the collision occurred more than thirty minutes after sunset, when it was getting dark, and said motor vehicle was being driven without displaying any front lights on said vehicle, as required by law. That the collision caused appellee to suffer personal injury entitling him to damages, and damages to his car, none of which said injuries and damages would have occurred but for the negligent and unlawful acts of appellant done by and through its agent and employee in charge of and operating said motor vehicle.

The record discloses that the Gulftex Liquor Corporation is a Texas corporation, and has its domicile in Jefferson county, Tex. On August 18, 1936, and prior thereto, L. Dalsheimer, together with his wife, Mrs. Rose Dalsheimer, resided in Beaumont, Jefferson county, Tex. On said date, and prior thereto, Gulftex Liquor Corporation was engaged in the wholesale liquor business, selling intoxicating liquors. L. Dalsheimer was a salesman for said liquor corporation. He covered portions of four counties in Texas, including Newton and Jasper counties. He mostly visited the rural portions of the county in his territory. The territory, the four counties, were assigned and designated to him by the corporation. He made or covered his territory each week. He made his own dates and routes to cover his territory. He furnished his own car in which to travel while making his territory. He was paid a commission on all the sales he made. On the date of the collision, August 18, 1936, Dalsheimer had been out in his territory calling on customers and his wife was with him, and at the time of the collision she was driving the car. The injured party, Roi Blake, was driving his car going north on public highway No. 8 in Jasper county. Mrs. Dalsheimer with her husband were in Dalsheimer's car driving south on said

highway. Blake testified it was getting dark when the collision occurred and that the Dalsheimer car had no front or headlights burning, and that the car was traveling some 65 miles an hour. Mrs. Dalsheimer was driving her husband's car. She testified that she occasionally went with her husband on his trips over his territory, and that she was with him that day because she wanted to go, and was driving his car because she wanted to at the time. There was no contention that Mrs. Dalsheimer was an employee of the corporation. She just happened to be with her husband on this trip, as she was on other occasions. She was driving the car with her husband's knowledge and consent. They were returning from visiting her husband's customers and were proceeding directly from one's place of business on and along the usual route of travel. Dalsheimer did not testify.

We overrule appellant's contention that Dalsheimer was not an employee of appellant, but was an independent contractor. That he was employed by appellant to sell liquor products is not disputed. That he selected the persons to solicit and to whom he made sales, and that he furnished his own vehicle or mode of travel, did not make him an independent contractor. His territory was determined by appellant, and the pay or earnings of Dalsheimer was also determined by appellant. Dalsheimer was paid a commission on all sales made by him. Dalsheimer did not buy the products and sell them as when and where he chose, but he simply took orders from the customers confined to a territory designated by appellant, delivered these orders to his employer, and covered his territory once a week as he was required to do. Spears Dairy v. Bohrer (Tex.Civ.App.) 54 S.W.(2d) 872; Schroeder v. Rainboldt (Tex.Com.App.) 97 S.W. (2d) 679.

We also overrule the contention that at the time of the collision Dalsheimer was not operating the car in the furtherance of his employer's business. It is insisted that as appellee alleged that an agent and employee of appellant was operating the car at the time of the collision, and that as the undisputed evidence showed that Mrs. Dalsheimer was driving the car, and she not being an employee of appellant, the evidence does not support the allegations, and so the judgment must be reversed. The car was Dalsheimer's. It was the car he used in making his trips as representative of appellant in the sale of appellant's merchandise. Dalsheimer on that day was in performance of his duties as salesman for appellant. His wife did not have control of the car, but with the knowledge and consent of her husband, the agent and representative of appellant, he being in the car with her, was, for the moment, driving the car. We hold that under these circumstances Dalsheimer was the one actively controlling the operations of the car and that his wife was driving same in obedience to his will, that is to the places and for the purpose of Dalsheimer's employment with appellant. Could Dalsheimer by the taking of some third party with him on his business trips, and it is undisputed that he was on such a trip at the time of the collision, and permitting the third party to drive his car under his direction and on and over the regular traveled way in making and covering his sales territory, and if on such trip a casualty occurred, escape himself, or his employer thus escape the consequences of such casualty, by merely showing that he, Dalsheimer, was not himself at the wheel at the moment of the occurrence, but that the third party happened to be driving? We think not.

We think that the testimony of Mrs. Dalsheimer without doubt shows that the car at the time of the collision, and all the time, was under the control and supervision of her husband, who at the time was in the service of appellant. Among other things, she testified:

"Q. He had been calling on his customers that day? A. Yes.

"Q. And was returning back to Beaumont, the headquarters of the company by which he was employed? A. Yes.

"Q. Do you go with him all the time? A. No sir.

"Q. Just occasionally? A. Just when I want to.

"Q. Did you (have) any other business that day along up in there except to call on his customers? A. Not that I know of.

"Q. Why were you driving? A. Because I wanted to, happened to want to.

"Q. Mrs. Dalsheimer, Mr. Dalsheimer was there with you all of the time that you were driving? A. Yes.

"Q. And you drove where he told you to drive? A. Well, I certainly know where—we were on our way home and there wasn't but one way home.

"Q. Well, he had the direction and management of the car at that time? A. Well, naturally if he had customers, we had called on all the trade and we were on our way home; naturally if he told me to go to Silsbee or back to Kirbyville I would naturally have gone.

"Q. You were on his regular trip calling on his customers? A. Yes."

And:

"Q. But Mr. Dalsheimer was on the regular route and seeing the customers of Gulftex at the time of the collision? A. Yes.

"Q. It was his car and under his direction and you were driving it? A. Yes."

Among other decisions cited us by appellant is that of Conner v. Manning (Tex. Civ.App.) 54 S.W.(2d) 249, 250, which it insists is similar in facts and involves the identical question of law, and so is decisive of this case. That decision was by this court. We do not think it at all controlling. It is easily distinguished as to the facts and the law. There Conner and his daughter were riding in a car, his daughter driving. It was alleged that the daughter was the agent, servant, and employee of her father. While the daughter was driving, there was a collision between a truck belonging to Manning and the car driven by the daughter of Conner. In disposing of an appeal from the order of the court on a plea of privilege, we said: "Appellee [Manning] was attempting to fix venue in Nacogdoches county under subdivision 9, art. 1995, R.S.1925, which provides that suits based upon a trespass may be brought in the county where the 'trespass was committed, or * * * where the defendant has his domicile.' It was alleged that appellant resided in Leon county. It was, therefore, necessary for appellee to show that the alleged trespass was committed by appellant in Nacogdoches county. The evidence merely disclosed that a woman driving a car ran into plaintiff's truck on a bridge across Caney creek about half a mile west of Douglas, Tex. The evidence does not attempt to connect appellant [Conner] with the woman driving the car."

It is seen that, although it was alleged that the lady driving the car was the daughter of Conner, and that she was his agent, servant, and employee, there was no such proof. Here the allegations were that Dalsheimer was the agent and employee of appellant, Gulftex Liquor Corporation, and that he negligently drove his car into and against the car of appellee, while he, Dalsheimer, was unlawfully operating his car, pleading the unlawful acts done in operating the car. The proof showed, as fully stated and discussed, supra, that Dalsheimer was in the car with his wife; that she was driving the car with his knowledge and consent and under his supervision, which in law made him the principal in the operation of the car. The facts shown easily distinguish the cases.

We think the pleadings and the evidence amply sustained the judgment overruling the plea of privilege, and accordingly, same is affirmed.