**Herman SMITH, Plaintiff,**

v.

**CALIFORNIA TANKER COMPANY, Defendant.**

United States District Court
S. D. New York.
April 24, 1957.

**514**

William L. Standard, New York City, for plaintiff.

Maclay, Morgan & Williams, New York City, for defendant C. Dickerman Williams, New York City, of counsel.

SUGARMAN, District Judge.

On November 23, 1953 plaintiff, as a seaman, commenced an action against defendant "under the Jones Act." The complaint in one count alleged defendant's negligence and the unseaworthiness of defendant's vessel on which plaintiff was employed and injured. Plaintiff demanded a trial by jury.

On December 9, 1954, without opposition, plaintiff was granted leave to file an amended complaint in which plaintiff, as a seaman, suing "under the Jones Act," set forth two counts. The first count alleged defendant's negligence and the unseaworthiness of defendant's vessel on which plaintiff was employed and injured; the second count sought an asserted balance due for maintenance and cure. Plaintiff demanded a trial by jury.

The case went to trial and for reasons here unimportant a mistrial was declared on January 21, 1957.

On March 5, 1957, without opposition, plaintiff was granted leave to file a second amended complaint (hereinafter referred to as the complaint) in which, as a seaman, without mention of the Jones Act, he set forth four counts. The first count alleged defendant's negligence; the second count alleged the unseaworthiness of defendant's vessel on which plaintiff was employed and injured; the third count alleged defendant's failure to accord plaintiff proper care and attention after plaintiff's injury, thereby aggravating the effects thereof; the fourth count sought an asserted balance due for maintenance and cure. Plaintiff demanded a jury trial of the first, second and third counts and a trial to the court without a jury of the fourth count for maintenance. Defendant answered the complaint on March 28, 1957 demanding a jury trial of the fourth count for maintenance.

Defendant now moves for an order vacating plaintiff's jury demand as to the second and third counts of the complaint and transferring these to the admiralty docket asserting further that defendant will press its demand for a

jury trial of the fourth count if its present motion fails.

The basis for defendant's motion and of its notice not to press its demand for jury trial of the fourth count if it prevails on this motion is an allegation in each of the second and third counts of the complaint that the defendant's failure to provide plaintiff with a safe place to work aboard the vessel rendered the vessel unseaworthy and unsafe "under the General Maritime Law."

■ The allegation of defendant's negligence in the first count states a claim under the Jones Act[1] although the act is not mentioned by name in the complaint and is not cited therein.[2]

There can be no doubt and defendant does not otherwise contend that plaintiff is entitled to the trial by jury on the first count of the complaint which he demanded. Does that right carry with it the right to a jury trial on the second count of the complaint for unseaworthiness?

The Court of Appeals for the Second Circuit has not as yet applied the doctrine of ancillary or pendent jurisdiction of a claim of unseaworthiness in a seaman's complaint as part of the same cause of action as a claim of negligence under the Jones Act.[3]

In the Troupe case the question was not reached because diversity was found

"since it affirmatively appears from the record that plaintiff 'lives' at Kenmore, New York, that defendant is an Indiana corporation, and that the amount in controversy is well in excess of $3,000."

In the McAfoos case the question was not reached because

"[p]laintiff has indicated that she will amend her complaint to allege diversity of citizenship." [243 F.2d 274.]

In the case at bar the answering affidavit on this motion states without contradiction that

"[t]he plaintiff is a citizen and resident of Baltimore, Maryland. The defendant is a Delaware corporation."

Defendant in essence admits diversity when it asks in its brief in support of its motion that

"the Court grant the motion but without prejudice to plaintiff's rights after service of an amended pleading which properly sets forth allegations from which a right of jury trial would ordinarily follow."

■ Following the lead of my preceptors, I deem this uncontradicted averment of the citizenship of the parties sufficient to establish diversity and thus likewise do not reach the question of ancillary or pendent jurisdiction of the unseaworthiness count as part of the cause of action containing the negligence count.

Accordingly the defendant's motion to vacate plaintiff's demand for a jury trial of the second count of the complaint is denied.[4]

■ The third count of the complaint, alleging defendant's failure to accord plaintiff proper care and attention after plaintiff's injury, thereby aggravating the effects thereof, states a claim in negligence under the Jones Act[5] triable to a jury.

The defendant's motion to vacate plaintiff's demand for a jury trial of

---

1. 46 U.S.C.A. § 688.

2. *Luckenbach S.S. Co. v. Campbell*, 9 Cir., 1925, 8 F.2d 223; *Burkholder v. United States*, D.C.E.D.Pa.1944, 56 F.Supp. 106; *Moltke v. Intercontinental Shipping Corp.*, D.C.S.D.N.Y.1949, 86 F.Supp. 662.

3. *Troupe v. Chicago, D. & G. Bay Transit Co.*, 2 Cir., 1956, 234 F.2d 253, 258;

*McAfoos v. Canadian Pacific S.S., Ltd.*, 2 Cir., 1957, 243 F.2d 270.

4. *Troupe v. Chicago, D. & G. Bay Transit Co.*, note 3 supra.

5. *De Zon v. American President Lines*, 1943, 318 U.S. 660, 669, 63 S.Ct. 814, 87 L.Ed. 1065; *Diaz v. Lykes Bros. S.S. Co.*, 2 Cir., 1956, 229 F.2d 269.

the third count of the complaint is denied.

No opinion is expressed upon defendant's notice of its intention to press its demand for a jury trial of the fourth count of the complaint for maintenance and cure, if it fails on this motion as it has, because that question is not now before this court.

It is so ordered.