**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1353**

LIOBMEDIA, LLC,

        Plaintiff - Appellant,

    v.

DATAFLOW/ALASKA, INCORPORATED,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:07-cv-00355-CMH-TRJ)

Argued: March 24, 2009          Decided: July 21, 2009

Before WILKINSON, Circuit Judge, Eugene E. SILER, Jr., Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation, and Robert J. CONRAD, Jr., Chief United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished opinion. Senior Judge Siler wrote the opinion, in which Judge Wilkinson and Judge Conrad joined.

**ARGUED:** Michael Francis Smith, BUTZEL LONG, Washington, D.C., for Appellant. Douglas Clark Proxmire, PATTON BOGGS, LLP, Washington, D.C., for Appellee. **ON BRIEF:** J. William Eshelman, TIGHE, PATTON, ARMSTRONG & TEASDALE, PLLC, Washington, D.C., for Appellant. Michael J. Carrato, PATTON BOGGS, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SILER, Senior Circuit Judge:

Liobmedia seeks reversal of the district court's judgment as a matter of law in favor of Dataflow arising from a breach of contract claim. This case involves a so-called "teaming agreement" among the parties to work on securing a federal contract. The district court determined that Liobmedia did not prove damages and awarded judgment as a matter of law to Dataflow. Liobmedia appeals the judgment by arguing: (1) the judgment was procedurally irregular; (2) the judgment regarding the limitation on damages was substantively erroneous because it should have been presented to a jury; and (3) the district court erred when it denied Liobmedia's motion to amend its complaint. Because the parties are familiar with the relevant facts, we discuss them only as necessary. We affirm.

I.

Liobmedia argues that the district court reversibly erred when it *sua sponte* granted judgment as a matter of law in favor of Dataflow. A district court may grant summary judgment *sua sponte*, so long as the party against whom summary judgment is granted has notice and "an adequate opportunity to demonstrate a genuine issue of material fact." U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731, 735 (4th Cir. 1989).

3

Liobmedia had notice and an opportunity to be heard before the district court granted judgment as a matter of law. As damages is an essential element of a breach of contract claim, once Liobmedia was served with Dataflow's motion to limit damages, Liobmedia knew or should have known that the motion sought to bar Liobmedia's recovery of all damages as the motion sought to limit recovery to "an amount not to exceed one dollar ($1.00)."

In support of its motion to limit damages, Dataflow argued that, as a matter of law, the language of the Teaming Agreement precluded the damages that Liobmedia sought to recover. Liobmedia recognized this in its opposition to the motion when it stated, "[In the motion to limit damages,] Defendant argues that the Teaming Agreement is unenforceable as a matter of law, and that if Defendant did breach the Teaming Agreement, any recovery of damages is too speculative as a matter of law." Liobmedia's argument that it lacked notice is inconsistent with its own characterization of Dataflow's motion.

Liobmedia also had sufficient opportunity to be heard on the issue. Rule 7(F) of the local rules for the Eastern District of Virginia allows a party opposing a motion eleven days to file an opposition. E.D. VA. LOCAL RULE 7(F). This rule applies to all motions, including motions *in limine* and motions

for summary judgment. Here, the district court complied with this rule.

Liobmedia's argument that a statement made by counsel for Dataflow at a previous hearing, which indicated that Liobmedia's claim presented "an issue of fact that can't be dealt with on summary judgment," is unavailing. Counsel's statements of legal opinion never bind district courts to follow them. See New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24 (4th Cir. 1963) (ruling that the doctrine of judicial admissions does not apply to statements of legal opinion by counsel).

## II.

In addition to Liobmedia's procedural arguments, it claims that the district court erred substantively. Liobmedia contends that the issue of damages is a question for the jury to decide, not for the district court. However, the district court properly interpreted the Teaming Agreement and correctly determined that the damages that Liobmedia sought could not be recovered.

Both parties disagree as to which jurisdiction's law applies to their dispute. The Teaming Agreement provides:

> 6.13 Irrespective of the place of performance, this Agreement will be construed and interpreted according to the federal common law of government contracts as enunciated and applied by federal judicial bodies, Boards of Contract Appeals, and quasi-judicial

agencies of the federal government. To the extent that the federal common law of government contracts is not dispositive, the laws of Alaska shall apply.

Liobmedia argues that the federal common law of contracts applies. Dataflow argues that Alaska law applies because there is no federal government contract law governing the enforceability of teaming agreements between commercial parties. Regardless of which law is applied, Liobmedia seeks consequential damages, which are not recoverable under the Teaming Agreement.

Liobmedia is not seeking direct damages arising out of a breach of the Teaming Agreement. Instead, it seeks damages for lost profits under a prospective Dataflow/Liobmedia subcontract that was never entered into. The Teaming Agreement is merely an agreement to negotiate. It provides in pertinent part:

> 5.01 Should Dataflow be awarded the contract or task order for the Project, the parties agree to enter into good faith negotiations intending to culminate in a future subcontract or purchase order to be awarded to Liobmedia, subject to necessary Government approvals, required flow-down clauses, and negotiation of mutually acceptable price, delivery, terms, and conditions. In no event shall such future subcontract or purchase order exceed fifty percent (50%) of the cost of labor or other permissible limits of Dataflow's 8(a) STARS contract GS-06F-0212Z.

In addition, the Teaming Agreement limits the types of damages that can be recovered:

> 6.08 Neither party shall be liable to the other for any indirect, incidental, special, or consequential

6

damages, however caused, whether as a consequence of the negligence of the one party or otherwise.

Since the Teaming Agreement only creates an obligation on the parties to engage in good faith negotiations regarding a future subcontract and does not constitute an obligation to enter into a subcontract, Liobmedia's claim for lost profits on the subcontract cannot constitute direct damages.

In Valdez Fisheries Development Association v. Alyeska Pipeline, the Alaska Supreme Court concluded that "[e]ven if the agreement-to-negotiate claim were to proceed, [the plaintiff] would only be entitled to recover costs associated with the negotiations themselves" and not lost profits on the proposed agreement that was never performed. 45 P.3d 657, 667 (Alaska 2002). Liobmedia does not seek to recover the costs associated with the subcontract negotiations, but the lost profits that it believes it would have realized had Dataflow and Liobmedia reached a subcontract agreement.

In addition, under the federal common law of government contracts, Liobmedia's claim for lost profits constitutes a claim for consequential damages which are precluded under the Teaming Agreement. See New Valley Corp. v. United States, 72 Fed. Cl. 411, 414 n.2 (2006) ("the consequential damages measure emphasizes income or loss, or cash flow, including losses that may result far into the future"). Liobmedia seeks to recover

7

profits that it may have received as a consequence of the negotiation of a subcontract and its profits as a subcontractor.

Next, Liobmedia argues that the district court improperly substituted its judgment for that of a jury when it "expressly awarded damages" in the amount of one dollar. This argument is unavailing because the district court did not award damages.

A determination as to whether damages are recoverable at all is a matter of law, while the function of a jury when awarding damages is to determine the amount of damages once a finding is made that a party is entitled to recovery. See Chesapeake & Ohio R.R. Co. v. Winder, 23 F.2d 794, 795-96 (4th Cir. 1928).

Dataflow's motion to limit the damages to one dollar was granted. The district court then determined that Liobmedia's claim must fail as a matter of law. It did not award damages in any amount to Liobmedia. It merely limited the amount that could be awarded.

Finally, Liobmedia argues that it is entitled to damages because Dataflow and Liobmedia reached an oral agreement on October 7, 2006, during a telephone conversation that Liobmedia "would receive 17 percent of Dataflow's fixed costs under the FinCen Contract." However, the Teaming Agreement required that Dataflow and Liobmedia reach an agreement on "price, delivery, terms and conditions." In addition, the Teaming Agreement

8

contemplates that all subcontract negotiations would take place after Dataflow received the contract from the Department of Treasury. The Department of Treasury had not yet awarded the contract on October 7, 2006.

III.

The district court properly denied Liobmedia's motion to amend its complaint. A post-judgment motion to amend a complaint may only be granted where the judgment dismissing the complaint is first vacated pursuant to Rules 59 or 60 of the Federal Rules of Civil Procedure. See Laber v. Harvey, 438 F.3d 404, 429 (4th Cir. 2006) (citing Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985)) ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). Since Liobmedia did not provide a sufficient basis for the district court to set aside its judgment, there was no complaint for Liobmedia to amend.

The grounds on which a district court may, in its own discretion, reconsider a judgment are: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a clear error of law. Sciolino v. City of Newport, 480 F.3d 642, 651 (4th Cir. 2007). In support of its motion for reconsideration, Liobmedia asserted that Virginia substantive

9

law should have applied and provided allegations of the oral agreement reached on October 7, 2006.

Liobmedia admits that it erred when it asserted that Virginia law applied to this case. Therefore, the court need not consider the application of Virginia law as a justification to hold that the district court abused its discretion in denying the motion for reconsideration. In addition, the alleged oral agreement does not constitute "newly discovered evidence" as the content of that conversation was alleged in Liobmedia's original complaint.

AFFIRMED